Minute Order Form (1/97)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4043 | **DATE** | 9/19/2003 |
| **CASE TITLE** | Andrew J. Maxwell vs. Leavelaw.com, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to withdraw reference to the bankruptcy court is granted. Defendant shall respond t the pending motion to dismiss by October 6, 2003, and plaintiff shall reply by October 16, 2003.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | SEP 2 2 2003 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | | 8 |
| | Mail AO 450 form. | | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | CLERK | | |
| | WAH | courtroom deputy's initials | 03 SEP 19 PM 3:24 | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

IN RE: )
    marchFIRST, INC., et al., )
)
                      Debtors, )
)
ANDREW J. MAXWELL, Trustee, )
)
                      Plaintiff, )
)
                      vs. )    No. 03 C 4043
)
LEAVELAW.COM, INC., )
)
                      Defendant. )

**DOCKETED SEP 2 2 2003**

## MEMORANDUM OPINION AND ORDER

Plaintiff Andrew J. Maxwell, trustee of the bankruptcy estate, brought this action against defendant LeaveLaw.com, Inc. (LeaveLaw) in the United States Bankruptcy Court for the Northern District of Illinois, seeking return of an alleged preference payment. Defendant filed a motion to withdraw reference to the bankruptcy court. For the following reasons, defendants' motion is granted.

On April 9, 2003, Maxwell filed his initial complaint against LeaveLaw in the bankruptcy court. Not wanting to concede jurisdiction in the bankruptcy court, defendant simultaneously filed its answer to the complaint, its counterclaims, a demand for a jury trial and this motion to withdraw. In its counterclaims, defendant alleges violations of the Illinois Collection Agency Act and the Illinois Consumer Fraud and Deceptive Business Practices Act, as well as common law fraud. These claims are against Maxwell as trustee, rather than against the bankruptcy estate. LeaveLaw argues that it has the right to a jury trial and that this action



must therefore be withdrawn and heard by the district court rather than the bankruptcy court.

"The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion from any party, for cause shown." 28 U.S.C. § 157(d). A federal bankruptcy court has the power to hold a jury trial only "if designated to exercise such jurisdiction by the district court and with the express consent of all the parties." 28 U.S.C. § 157(e). Because neither party expressed its consent to a jury trial by the bankruptcy court, that court has no authority to conduct such a trial. As plaintiff concedes, if defendant is entitled to a jury trial, we must grant the motion to withdraw.

A defendant in a preference action who has filed a claim against the bankruptcy estate has the constitutional right to a jury trial. Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 58-59 (1988). If such a defendant files a claim against the estate, it consents to the jurisdiction of the bankruptcy court and waives this right. Langenkamp v. Culp, 498 U.S. 42, 45 (1990). Plaintiff argues that because defendant filed counterclaims as part of this action, it must have consented to the jurisdiction of the bankruptcy court. Unlike the party in Langenkamp, however, defendant here filed its claims solely against the trustee, personally, rather than against the estate. Moreover, it was clear when filing its responsive pleadings that defendant did not consent to the jurisdiction of the bankruptcy court. Defendant has the right to a jury trial for this action and therefore has the right to withdraw the case to the district court.

Because defendants show cause to withdraw the action, we do not need to decide whether or not this action is a core proceeding. This determination has no effect on whether or not the action may be withdrawn from the bankruptcy court. In re Sevko, Inc., 143 B.R.

114, 115-16 (N.D. Ill. 1992). Further, we do not reach plaintiff's motion to dismiss the counterclaims, to which defendant has not yet responded.

## CONCLUSION

For the foregoing reasons, defendant's motion to withdraw reference to the bankruptcy court is granted. Defendant shall respond to the pending motion to dismiss by October 6, 2003, and plaintiff shall reply by October 16, 2003.

                                                JAMES B. MORAN
                                    Senior Judge, U. S. District Court

Sept. 19, 2003.