Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4043 | **DATE** | 2/27/2004 |
| **CASE TITLE** | ANDREW J. MAXWELL vs. LEAVELAW.COM, INC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. The trustee's motion to dismiss is granted and his motion to alter or amend the order is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | MAR 0 1 2004 date docketed | 14 |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| LG | courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

IN RE: marchFIRST, INC., et al., )
)
                Debtors. )
)
ANDREW J. MAXWELL, Trustee, )
)
                Plaintiff, )
)
vs. )    No. 03 C 4043
)
LEAVELAW.COM, INC., )
)
                Defendant. )

**DOCKETED**

MAR 0 1 2004

## MEMORANDUM OPINION AND ORDER

Andrew J. Maxwell, the bankruptcy trustee, filed an adversary complaint against defendant Leavelaw.com, Inc. (LL) in the Bankruptcy Court for the Northen District of Illinois, seeking the return of an alleged preference payment made to the defendant. Defendant then filed a three-count counter-complaint against the trustee and withdrew reference to the bankruptcy court. The trustee now seeks to dismiss the counterclaims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and to amend the order granting defendant's motion to withdraw reference. For the following reasons, the trustee's motion to dismiss is granted and his motion to alter or amend the order is denied as moot.

## BACKGROUND

The debtor, marchFIRST Inc. allegedly made a payment in the amount of $15,000 to the defendant in January 2001, less than 90 days prior to filing a bankruptcy petition on April 21, 2001. Maxwell, as trustee of the bankruptcy estate, filed an adversary suit against

defendant in an effort to recover the $15,000, arguing that the payment was a preference and therefore voidable under bankruptcy law.

Defendant, in its counter-complaint, alleges that prior to filing the adversary complaint Maxwell, and an organization known as Receivable Control Corporation (RCC), developed a scheme whereby they would have an organization called Preference Recoveries (PR) seek to collect claims of the bankrupt from the defendant and other parties. In furtherance of this scheme, defendant claims that someone from PR sent two letters claiming that the estate was entitled to the money and that an agent of PR made a series of misleading representations to LL's chief executive officer. Specifically, defendant claims that the PR agent assured LL that PR would protect LL's interests relating to the return of the preference payment; that PR would provide LL with unbiased bankruptcy law interpretations; and that PR would work with LL to determine the validity of any challenges by LL to collection.

Defendant further alleges that the trustee misrepresented LL's legal obligations and rights and that he made material misrepresentations of fact. As a result of these "deceptive acts," defendant claims that it felt "bullied, intimidated, threatened, confused, frustrated, worn out, defenseless and bleak." LL claims that this caused it to shut down its website and forego numerous valuable business opportunities, and that it suffered severe economic damages as a result.

## DISCUSSION

We do not have subject matter jurisdiction over defendant's counterclaims. Defendant does not argue that we have original jurisdiction under 28 U.S.C. § 1331 or § 1332. No federal question is implicated by defendant and it does not argue that there is complete diversity or

that the amount in controversy is greater than $75,000.

Defendant also fails to demonstrate that we have jurisdiction from some other source. In the counter-complaint, defendant stated that we have jurisdiction pursuant to 28 U.S.C. §§ 1334 and 1367. Section 1334 provides that district courts have jurisdiction over bankruptcy proceedings and states in relevant part:

> Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334(b). We must determine whether this suit "arises under" or is "related to" the bankruptcy dispute.

The counterclaims clearly do not arise under Title 11. In order for such jurisdiction to apply, the cause of action must be created by bankruptcy law. In re Spaulding & Co., 131 B.R. 84, 88 (N.D. Ill. 1990). On their face, defendant's claims rely on causes of action created by Illinois statutory and common law.

Likewise, defendant fails to establish that the counterclaims are related to the bankruptcy proceedings. Such jurisdiction applies only to disputes that affect the payments to the bankrupt's other creditors or the administration of the estate. Matter of Kubly, 818 F.2d 643, 645 (7th Cir. 1987). Mere overlap between the bankrupt's affairs and a dispute is insufficient to establish jurisdiction. Homes Insurance Co. v. Cooper & Cooper, Ltd., 889 F.2d 746, 749 (7th Cir. 1989). Defendant's counterclaims do not implicate the bankruptcy estate in any way. Defendant admitted as much in arguing in support of the motion to withdraw reference. At best, both disputes involve the $15,000 paid by marchFIRST to defendant, but the claims at issue here involve only alleged wrongdoing by Maxwell, the trustee. If defendant

prevailed on the counterclaims, it would be able to recover only from the trustee, rather than from the estate – other debtors and creditors would not be affected.

Section 1367 gives us no jurisdiction over this dispute. It provides supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *See* Rothman v. Emory University, 123 F.3d 446, 454 (7th Cir. 1997). Here the original action was by the estate to recover an alleged preference for the benefit of the estate and its creditors. Defendant's claims have very little to do with the bankruptcy of marchFIRST. Instead, they involve alleged actions by the trustee in late 2002 and early 2003, well over a year after the $15,000 payment and the bankruptcy declaration. They are not part of the same controversy, which is a simple preference claim. Defendant's claims have no bearing on whether or not the $15,000 payment was a preference. And even if we were in error about that, we would decline to exercise supplemental jurisdiction pursuant to section 1367(c), because defendant's state law claims substantially predominate over the claim over which the court has jurisdiction.

Even if we did have jurisdiction to resolve this dispute, plaintiff fails to state a cognizable claim for relief. In deciding a Rule 12(b)(6) motion to dismiss we must assume the truth of all well-pleaded allegations, making all inferences in the plaintiff's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While the complaint does not need to provide the correct legal theory to withstand a

Rule 12(b)(6) motion, it must allege all of the elements necessary to recover. <u>Ellsworth v. City of Racine</u>, 774 F.2d 182, 184 (7th Cir. 1985), *cert. denied*, 475 U.S. 1047 (1986).

Defendant alleges violation of the Illinois Collection Agency Act (ICAA), 225 ILCS 425/1 *et seq.*, the Illinois Consumer Fraud and Deceptive Trade Practices Act (IFDTPA), 815 ILCS 505/1 *et seq.* and common law fraud. Defendant fails to allege any connection between the trustee's actions and the alleged damages. It admits that the $15,000 was never paid to the estate, but claims that the alleged damages occurred when defendant shut down its website, became distracted and passed up numerous business opportunities. There is no apparent connection between these losses and any of the misrepresentations or deceptive acts alleged by the defendant. Even taking all of defendant's allegations as true, the trustee's contact with the defendant involved two letters and a few phone calls, during which the trustee demanded payment of the $15,000, promised to protected defendant's interests and yet failed to do so, essentially misleading defendant as to its financial obligations. There is no indication that these statements actually induced any reliance (or how they *could* have done so), or otherwise caused any damage to defendant. In fact, defendant's assertions show that the trustee failed in his only stated goal: recovering the money. All of the actions taken by defendant that ultimately led to the loss of business opportunities, appear to have been entirely voluntary.

Defendant is a commercial enterprise, not some aged and vulnerable consumer. It was asked to refund some money, thus placing it in an adversarial relationship with those requesting the funds. How, in those circumstances, it could become an emotional basket case or could think the requestor became its agent and personal advisor is not explained, nor can any explanation be conjectured.

The trustee also seeks to amend the September 19, 2003, Memorandum Opinion and Order granting defendant's motion to withdraw reference to the bankruptcy court. Specifically, he seeks to delete the word "personally" from the order. When using the word "personally" in the order, we simply wanted to make clear that the counterclaims were not brought against the bankruptcy estate, but rather against Maxwell, the trustee. We did not intend to indicate that Maxwell would be subject to personal liability, separate from his duties as trustee. In any case, as the counterclaims are dismissed, that motion is moot.[1]

## CONCLUSION

For the foregoing reasons, the trustee's motion to dismiss is granted and his motion to alter or amend the order is denied as moot.

JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 27, 2004.

---

[1] In the Memorandum and Order of September 19, 2003, withdrawing the reference, we inadvertently omitted the word "not" after the word "has" in the first line of the second full paragraph on page 2. It is amended to include it.